# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| TERI NEVEL, | ) | CASE NO. 5:04CV814 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| Vs. | ) | |
| | ) | |
| BALBOA LIFE INSURANCE CO., | ) | OPINION AND ORDER |
| ET AL., | ) | |
| Defendants. | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter comes before the Court on the Defendant Balboa Life Insurance Company's Motion for Summary Judgment. Upon careful consideration and review the Court denies Defendant's Motion for Summary Judgment as there remains genuine issues of fact and Defendant is not entitled to judgment as a matter of law.

## I. FACTUAL BACKGROUND

Plaintiff Teri Nevel, is the widow and executrix of the estate of her deceased husband Thomas Nevel. Plaintiff alleges claims for Breach of an Insurance Contract, Bad Faith, and seeks declaratory relief for failure of defendant, Balboa Life and Casualty Insurance Company, to pay on a policy of life insurance. On December 20, 2001, Thomas Nevel applied for a home

equity line of credit with First Merit Bank. As part of the application, Mr. Nevel applied for credit life insurance with Balboa thru First Merit Bank. The life insurance would act as a guaranty on the mortgage/home equity line of credit held by First Merit and insured the balance due. Upon completion of the application for insurance, Mr. Nevel was provided with a blank copy of the application for insurance and a copy of the insurance policy by an employee of First Merit. Shortly thereafter, Mr. Nevel was issued the insurance and paid premiums on the policy. On March 6, 2003, Mr. Nevel died of heart failure which is a covered event under the life insurance policy. Balboa refused to pay alleging that Mr. Nevel misrepresented his heart condition on his application for life insurance with Balboa. Such misrepresentation bars recovery on a policy for life insurance under Ohio law. *See Jenkins v. Metropolitan Life Insurance Co.* 171 Oh. St. 557 (Ohio 1961). Defendant Balboa further alleges that it would not have approved Mr. Nevel's application for insurance had Mr. Nevel not made the alleged misrepresentations on his application.

The undisputed testimony in this case reveals that Thomas Nevel was never provided with a copy of his application containing his signature or his answers. He was provided a copy of the policy and a blank copy of the questionnaire. Defendant Balboa Insurance argues that the production of a blank copy of the application and a complete copy of the policy satisfies the requirements of Ohio Revised Code §3911.04. Defendant Balboa moves for summary judgment on the basis that the alleged material misrepresentations bar recovery on the policy. Plaintiffs' argue that under O.R.C. § 3911.04 Defendant is estopped from offering evidence of alleged misrepresentations for failure to provide a completed copy of the application. For the following reasons the Court finds Plaintiffs argument persuasive and denies Summary Judgment.

# LAW

Ohio law states:

**3911.04 Copies of applications to accompany policies issued**
Every life insurance company doing business in this state shall return with, and as part of any policy issued by it, to any person taking such policy, a complete copy of each application or other document held by it which is intended in any manner to affect the force or validity of such policy. A company which neglects to do so is estopped from denying the truth of any such application or other document, so long as it is in default for such copy. In case such company neglects for thirty days after demand made therefor, to furnish such copies, it is forever barred from setting up as a defense to any suit on the policy, any incorrectness or want of truth of such application or other document.

Ohio law is clear that the insurance company is estopped from denying the truth of of any such application so long as it is in default for such copy. This law was designed to prevent an insurer from waiting until an insured died and then introduce evidence of misstatements in the application. *Perkins v. Nationwide Life Ins. Co.*, 41 Oh. St.2d 213 (Ohio 1975). The Ohio Supreme Court in *Perkins* held that the insurer must provide a copy of the application to the insured before his death. Failure to do so triggers the estoppel provision and does not allow the insurer to cure the default. *Id.* at 218.

In Perkins a widow sued to collect the proceeds of a group life insurance policy issued her husband. No copy of her husband's application was provided during decedent's lifetime. The evidence also indicated that decedent had made misstatements on his application. The Ohio Supreme Court held that the insurer was estopped from contesting the truth of statements made on the application pursuant to O.R.C. §3911.04.

The facts in the case at bar are nearly identical to those in the *Perkins* case. Defendant Balboa, through First Merit, never provided Plaintiff's decedent or Plaintiff a completed copy of Mr. Nevel's application. This Court finds that providing a blank copy of the application fails to

satisfy the requirements or purpose of O.R.C. §3911.04. The Ohio Supreme Court in *Perkins* clearly states the purpose of O.R.C. §3911.04 is to prevent exactly what happened in this case. After Mr. Nevel's death, Defendant alleges misstatments in the original application for insurance. Without a copy of his answers to the application questions Mr. Nevel's estate is unable to refute the allegations of misstatements. Also, the failure to provide an executed copy of the application may allow an unscrupulous insurer the opportunity to alter the documents without any means, by the insured, to contest the validity of the application answers. Nor does it allow an applicant to correct any answers that, upon review, may have been made in error on the application.

The penalty imposed against an insurer for failing to provide the insured with a copy of the application (preventing an insurer from contesting the truth of statements made on the application) may seem unduly harsh. The Ohio Supreme Court recognized the harshness of the penalty against an insurer but stated in *Perkins*, " judicial wincing in a so-called hard case does not justify the court's disregarding clear legislative pronouncement." *Id.*

The law is clear, if the insurer fails to provide a copy of the application they are estopped from denying the truths alleged in the application. As it is undisputed they did not provide the completed application, the Court finds that the purpose of O.R.C. §3911.04, as enunciated in Perkins, is not satisfied by the production of a blank application. Therefore, Defendant's Motion for Summary Judgment is denied.

IT IS SO ORDERED.

4/15/05
Date

*Christopher A. Boyko*
CHRISTOPHER A. BOYKO
United States District Judge